**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GENERAL TRUCKING CORPORATION;
OLD REPUBLIC INSURANCE COMPANY,
Petitioners,

v.

No. 98-1009

WILLIAM SALYERS; DIRECTOR, OFFICE
OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order of the
Benefits Review Board.
(No. 95-1469-BLA)

Argued: December 3, 1998

Decided: April 27, 1999

Before NIEMEYER and KING, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Petition for review granted and claim remanded by published opinion.
Judge King wrote the opinion, in which Judge Niemeyer and Senior
Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Mark Elliott Solomons, ARTER & HADDEN, Washing-
ton, D.C., for Petitioners. Christian P. Barber, Counsel for Appellate

Litigation, Office of the Solicitor, UNITED STATES DEPART-
MENT OF LABOR, Washington, D.C., for Respondent Director;
Lawrence Lee Moise, III, VINYARD & MOISE, Abingdon, Virginia,
for Respondent Salyers. **ON BRIEF:** Laura Metcoff Klaus, ARTER
& HADDEN, Washington, D.C., for Petitioners. Marvin Krislov,
Deputy Solicitor for National Operations, Donald S. Shire, Associate
Solicitor, Gary K. Stearman, Office of the Solicitor, UNITED
STATES DEPARTMENT OF LABOR, Washington, D.C., for
Respondent Director.

_____

**OPINION**

KING, Circuit Judge:

General Trucking Corporation and Old Republic Insurance Co.
petition for review of the final Decision and Order of the Benefits
Review Board (BRB) directing them to pay medical benefits to the
respondent, William Salyers.**1** Mr. Salyers, a former miner adjudged
disabled in 1973 due to coal workers' pneumoconiosis, has incurred
expenses for the treatment of infirmities said to be related to his dis-
ability. The BRB issued a subsequent order denying the petitioners'
motion for reconsideration, from which review is also sought.

The BRB's directive affirmed, on the strength of our opinion in
Doris Coal Co. v. Director, OWCP, 938 F.2d 492 (4th Cir. 1991), a
prior finding by an Administrative Law Judge that Mr. Salyers was
entitled to the contested benefits. Recently, however, in Gulf & West-
ern Indus. v. Ling, No. 97-2107, 1999 WL 149851 (4th Cir. Mar. 19,
1999), we addressed the continuing vitality of Doris Coal in light of
the Supreme Court's decision in Director, OWCP v. Greenwich
Collieries, 512 U.S. 267 (1994). Our analysis and discussion of the
salient issue in Ling informs the result in this case.

_____

**1** The Director of the Office of Workers' Compensation Programs for
the Department of Labor participates in this appeal as co-respondent,
pursuant to 30 U.S.C. § 932(k), which provides that "[t]he Secretary [of
Labor] shall be a party in any proceeding relative to a claim for benefits
under this part [of the Black Lung Benefits Act]."

2

I.

Based on the record before us in <u>Ling</u>, and confirmed by the representations of counsel for the Director, it appeared that the Office of Workers' Compensation Programs had been applying the evidentiary presumption we fashioned in <u>Doris Coal</u>[2] to shift the burden of proof in medical benefit cases from the claimant to the employer. We have now made clear that such a practice contravenes the explicit mandate of <u>Greenwich Collieries</u>. <u>See Ling</u> at *6 ("The BRB . . . construed the <u>Doris Coal</u> presumption as shifting the burden of proof to the employer, which, under <u>Greenwich Collieries</u>, it may not do.").

We are, frankly, unable to ascertain precisely how the <u>Doris Coal</u> presumption was applied in Mr. Salyers's case, either from our examination of the ALJ's Decision and Order, or from the BRB's interpretation thereof. Moreover, it does not appear that the BRB considered the possibility that the presumption might be rebutted by "credible evidence that the treatment rendered is for a pulmonary disorder apart from those previously associated with the miner's disability." <u>Ling</u> at *5.

The BRB concluded that the <u>Doris Coal</u> presumption could be rebutted only by a showing "that (1) the expenses in question were not reasonable for the treatment of any of claimant's pulmonary diseases . . . or (2) the treatment is for a condition completely unrelated to claimant's pulmonary condition (<u>e.g.</u>, treatment for a heart condition, broken bone, or bad back)." BRB's Decision and Order of March 27, 1997, at 2 (citation omitted).

It is certainly true that if the treatment at issue is found to be "beyond that necessary to effectively treat a covered disorder, or is not for a pulmonary disorder at all," then the presumption "shall not carry the day." <u>Ling</u> at *5. It does not follow, however, that proof of these two circumstances is the exclusive means of rebutting the presumption.

_____

2 <u>**See Doris Coal**</u>, 938 F.2d at 496-97 ("[W]hen a [disabled] miner receives treatment for a pulmonary disorder, a presumption arises that the disorder was caused or at least aggravated by the miner's pneumoconiosis, making the employer liable for the medical costs.").

3

An employer contesting an award of medical benefits may also rebut the presumption by adducing sufficient credible evidence that the claimant was treated for "a pulmonary condition that had not manifested itself, to some degree, at the onset of his disability," or for "a preexisting pulmonary condition adjudged not to have contributed to his disability." Ling at *4. Proof of either scenario could demonstrate the existence of a pulmonary disorder apart from those previously associated with the miner's disability, and plainly be within the contemplation of Doris Coal that mine operators be permitted to "challenge medical charges not related to pneumoconiosis." 938 F.2d at 497.

II.

Although we are reluctant to leave unresolved a dispute of such ancient vintage, we are constrained to remand Mr. Salyers's claim to the BRB for reconsideration in light of our opinion in Ling. We express our hope that, on remand, the matter will be resolved expeditiously.

The petition for review is granted, and the claim is remanded to the Benefits Review Board for further proceedings consistent with this opinion.

PETITION FOR REVIEW GRANTED, AND CLAIM REMANDED